UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY G. BOYD, | |
| Plaintiff, | 21-CV-7155 (LTS) |
| -against- | TRANSFER ORDER |
| LaGUARDIA AIRPORT; GENERAL MANAGER, OPERATIONS, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Anna M. Kross Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was arrested at LaGuardia Airport and involuntarily admitted to the psychiatric ward at East Elmhurst Hospital. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2).

Plaintiff's claims arose in Queens County, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 1, 2021
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge